The opinion of the Court was delivered by
Withers, J.
Notwithstanding the misfortune to which the defendant refers in his affidavit, and which led him to depart the city and remain absent until after judgment was *127 rendered against Mm on a writ of inquiry, it is undenied, that he knew, before the writ was issued, that without adjustment of the cause of action' he was to be sued — that he was here when the writ was served, and that he had a conversation with his attorney about this very cause of action, for so his attorney admits. The defendant swears he thought he had directed an appearance and defence, but his attorney, with a candor and sense of propriety altogether becoming and creditable, avers that he did not so understand the language and purpose of the defendant. This statement reduces this case to that numerous class wherein a defendant neglects to do, (what is so easy to be done,) viz., simply to hand a copy writ to an attorney and direct an appearance and defence. The Act of 1791, authorizes a defendant to plead only when he shall have entered an appearance with the clerk during the sitting of the Court to which the writ is-returnable, and this he should do (Savage vs. Mitchell, 2 Const. R., Treadway, 629,) even if the Judge does not attend.
None of the cases cited for the defendant maintain this motion. Those which relate to setting aside judgments proceed on a different ground. In Hayne, et al., vs. Goodwyne, 2 Bay, 521, the defendant had regularly appeared, for the rule to plead had been posted, a thing wholly unnecessary and never done where there^ has been default. The English rule was relaxed as to payment of costs of interlocutory judgment, and for a reason not so stringent now as it was then.
The case of Williamson and Cummings, 2 McC. 250, speaks of a mistake between the defendant and his attorney and of misfortune, as grounds on which appearance and defence will be allowed at an irregular time; but Evans ads. Parr, 1 McC. 283, is cited as authority, and that case rested on the ground, that the defendant was detained at home by the death of a negro, supposed to be murdered, on Monday, and *128 on Tuesday Tie was allowed to open a decree on sum.pro., appear and defend.
We have cases resting upon other circumstances, where a defendant has been indulged, and they are cited in Barnes, Bateman & Ruderow vs. Bell, 11 Rich. 20; but the present instance comes up to none of them. It is the neglect of this defendant, and that alone, which has led to his motion.
It would be in conflict with our constant and uniform practice, and of evil tendency, to let him in: a full defence is agreeable to all ideas of justice, and this disposition of the Court, as well as the rules of our practice, combine to facilitate and encourage it. But rights on both sides are to be adjusted: judgments ought to be stable, that there may be an end of litigation; and finding no authority in the books or in daily practice to maintain this motion, we are constrained to refuse it, and accordingly it is so ordered.
O’Neall, Wardlaw, Whither and G-loyer, JJ., concnrred.
Motion dismissed.